**GF**

# GARBARINI FITZGERALD P.C.

250 Park Avenue
7th Floor
New York, New York 10177
Phone: 212.300.5358
Fax: 888.265.7054
www.garbarinilaw.com

October 22, 2021

VIA ECF

Honorable Sarah L Cave
Magistrate Judge
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

Re: *Charming Beats LLC v Audiomack Inc*., 21-mc-00773 (GHW)(SLC)

Your Honor:

I represent Charming Beats LLC in the within matter.  After several discussions with the Clerk's Office of this Honorable Court, it appears Your Honor's assistance is needed with the request to issue a subpoena pursuant to 17 U.S.C. § 504(h) ("Section 504(h)") currently before the Court.

The Clerk's Office has taken the position that it cannot issue the requested subpoena absent a judicial Order directing it do so.  The United States District Court for the District of Columbia stated quite clearly addressed this issue in *Recording Indus. of Am. v. Verizon Internet Servs. (In re Verizon Internet Servs.)* stating:

> As an initial matter, the clerk's issuance of a § 512(h) subpoena does not involve either the exercise of judicial power or the exercise by federal judges of Article I or Article II-type investigatory power.  Indeed, the issuance of a § 512(h) subpoena cannot properly be considered an act of "the court."  Subsection (h)(4) provides that "if the notification [of claimed infringement] filed satisfies the provisions of subsection (c)(3)(A), the proposed subpoena is in proper form, and the accompanying declaration is properly executed, the clerk shall expeditiously issue and sign the proposed subpoena and return it to the requester for delivery to the service provider." (citing)(17 U.S.C. § 512(h)(4)).  Under this subsection, the clerk exercises no discretion; if the requirements are met,

the subpoena must be issued. The clerk, in other words, executes a
quintessentially ministerial duty.

257 F. Supp. 2d 244, 250-51 (2003)(citing) (*Mississippi v. Johnson*, 71 U.S. (4 Wall.) 475, 498,
(1866)).

Section 512(h) of the DMCA allows a copyright holder to "request the clerk of any
United States district court to issue a subpoena to a service provider for identification of an
alleged infringer in accordance with this subsection." 17 U.S.C. § 512(h)(1).  Indeed, all a
copyright owner needs to do to obtain a DMCA subpoena is file a formal request with a District
Court clerk that includes: (1) a proposed subpoena; (2) a copy of a DMCA takedown notification
that is directed at the allegedly infringing content; and (3) a sworn declaration stating that the
requested information will only be used for the purpose of protecting rights under U.S. copyright
law. See 17 U.S.C. § 512(h).  Assuming the DMCA subpoena request contains these three items,
the clerk is required to expeditiously issue the proposed subpoena.

The legislative history shows that the purpose of the subpoena power in the DMCA was
to obtain the assistance of ISPs in an expeditious process to stop infringement. See Sen. Rep.
105-190, at 51 (1998) ("The issuing of the [subpoena] should be a ministerial function performed
quickly for this provision to have its intended effect.").  The legislative history does not,
however, support the relatively lengthy process at bar, complicated by the within letter
application to the Court.

Charming Beats LLC respectfully requests the Court direct the Clerk's Office to comply
with the express wording of Section 512(h).

GARBARINI FITZGERALD P.C.

By: _Richard M. Garbarini_

Richard M. Garbarini